

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2009

# Stephanie Ford v. Christiana Care Heal

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Stephanie Ford v. Christiana Care Heal" (2009). *2009 Decisions.* Paper 2032.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2032

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2546
_____

STEPHANIE LYNN FORD,

Appellant

v.

CHRISTIANA CARE HEALTH SYSTEMS;
RICHARD BURTON; CLARA CLARK
_____

No. 08-2547
_____

STEPHANIE LYNN FORD,

Appellant

v.

CHRISTIANA CARE HEALTH SYSTEMS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action Nos. 06-cv-00301 and 07-cv-00529)
Magistrate Judge:  Honorable Mary Pat Thynge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 13, 2009
Before: BARRY, SMITH and GARTH, Circuit Judges

Opinion filed: January 14, 2009

OPINION

PER CURIAM

Stephanie L. Ford appeals from the order of the United States District Court for the District of Delaware[1] granting summary judgment in favor of the defendants. We will affirm.

Because the parties are familiar with the history and facts of the case, we will recount the events in summary fashion. Ford was an employee of Christiana Care Health Systems ("CCH") for more than sixteen years; her last job there was as a "Clerk 03" in the radiology department. On October 28, 2003, Ford took a medical leave of absence to recover from injuries she suffered in an automobile accident. On November 11, 2003, she requested her leave be designated under the Family and Medical Leave Act ("FMLA"), which CCH approved retroactive to October 28, 2003.

Ford signed an FMLA form that notified her that her job (or an equivalent job) was guaranteed only up to twelve weeks of leave. After twelve weeks, CCH would assist the employee in identifying and applying for other available positions, but there was no employment guarantee. Under CCH's leave policy, if an employee is unable to return within twenty-four weeks, the employee is removed from payroll. Ford was given notice

_____

[1] The parties entered into a stipulation under 28 U.S.C. § 636(c) to consent to the assigned Magistrate Judge jurisdiction to conduct the proceedings as a United States District Court Judge.

that she would be removed from payroll on April 13, 2004, the twenty-four week deadline. Ford was unable to return to work before that date, but on that very date, she arrived to CCH with medical clearance to work, subject to a lifting restriction. Her previous job had been filled, and she had not yet applied for or received any other position at CCH. Accordingly, CCH removed Ford from the payroll on that date. Notwithstanding Ford's removal from payroll, CCH scheduled her to meet with defendant Richard Burton, an internal recruiter. As Ford acknowledged in her deposition, Burton did not have authority to hire her or give her a job, but he helped her identify and apply for open positions at CCH. Ford applied for twenty-nine positions and received several interviews. She was unsuccessful in her efforts, including in her pursuit of a Clerk 03 job in the medical records department where defendant Clara Clark was the supervisor. At some point, Burton advised Ford to find a job elsewhere.

On May 8, 2006,[2] Ford filed a pro se complaint against CCH, Clark, and Burton, alleging discriminatory action relating to the termination of her employment and its effect on her right to receive health and pension benefits. She alleged that Burton wrongfully refused to place her in a new job and that Clark wrongfully refused to hire her for the Clerk 03 position, despite her having had nine years of experience doing that job. Ford requested damages relief. Following discovery, the parties filed cross-motions for

---

[2] As noted in the District Court opinion, Ford filed three separate actions against the defendants, docketed at D. Del. Civ. Nos. 06-cv-00301, 06-cv-00458, and 07-cv-00529. The 2006 cases were consolidated in October 2006.

3

summary judgment. The District Court denied Ford's motion and granted the defendants' motion.[3] Viewing the complaint liberally, as well as the allegations in Ford's summary judgment motion, the District Court construed Ford's claims to be that the defendants (1) violated the Americans with Disabilities Act ("ADA"); (2) violated the FMLA; (3) violated the Employee Retirement Income Security Act ("ERISA"); (4) violated the Delaware Discrimination in Employment Act; (5) violated the Delaware Unfair Trade Practices Act ("DUTPA"); and (5) engaged in race discrimination in violation of Title VII.[4]

In summary, the District Court first determined that Ford's ADA and employment discrimination claims failed on procedural grounds–there was no dispute that Ford did not exhaust her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") or equivalent state agency, and no exception to the filing requirements applied in her case. The District Court also found that Ford established no impairment constituting a disability under the ADA. In addition, the District Court found that Ford presented no direct evidence of discrimination, and that she presented no evidence that the hiring decisions in her unsuccessful job search were

---

[3] The District Court also granted the defendants' motion to dismiss the consolidated action at D. Del. Civ. No. 07-cv-00529, as it raised claims identical to those raised in D. Del. Civ. No. 06-cv-00301. Ford raises no argument in her brief contesting this aspect of the District Court's order.

[4] The claim of race discrimination does not appear in Ford's complaint, but the District Court addressed Ford's contentions nonetheless.

pretextual or that someone outside the protected class was treated more favorably.

Regarding the FMLA and ERISA claims, the District Court found that both claims were barred by the applicable statutes of limitations and that both claims failed on the merits. Among other things, the District Court determined that the FMLA claim failed because CCH's leave policy guaranteed Ford's job for twelve weeks after she began her medical leave in October 2003, consistent with the FMLA. The District Court also found that the ERISA claim was of no merit because there was no evidence that the defendants wrongfully interfered with Ford's employee benefits or that she was removed from employment with the goal of preventing her from obtaining vested benefits. Finally, concerning Ford's claim under DUTPA as it relates to prohibiting discrimination in the business of insurance, the District Court determined that the claim failed because the Act provides for no private cause of action, and ERISA would preempt any such claim.

Ford appeals. We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995). However, a party opposing

summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

Upon review of the record, for substantially the same reasons given in the District Court's memorandum opinion, we conclude that the District Court correctly granted the defendants' motion for summary judgment and correctly denied Ford's motion for summary judgment. We note that Ford does not contest the District Court's conclusions regarding the failure to exhaust administrative remedies or the application of the statutes of limitations that bar her ADA, employment discrimination, FMLA, and ERISA claims, and she offers no argument concerning the non-viability of her DUTPA claim. Instead, Ford's brief focuses on restating the factual allegations on which her claims are based, noting that the District Court's opinion was concise but disregarded, distorted, or ignored many details. Among other things, Ford emphasizes that she arrived ready to work on April 13, 2004, the date on which she was removed from CCH's payroll, and that the defendants should have given her the available Clerk 03 position in the medical records department–a position for which she maintains she was eminently qualified. Although Ford believes the defendants acted unfairly, she points to no evidence of record to show that they acted illegally. The guarantee of job placement had expired twelve weeks before she arrived looking for work on April 13, 2004, and because she had not yet applied for or received any other position at CCH on that date, she was removed from the

payroll. Any loss of benefits stemmed from being removed from payroll. The record reveals that Ford was apprised of CCH's leave policies and consequences to her benefits. We have considered the detailed factual contentions raised in Ford's brief, but we conclude that the outcome remains the same.

We add that Ford also raises issues in her brief concerning the discovery process. First, Ford appears to contest the District Court's denial of her motion to compel the defendants to produce documents. Second, Ford contends that it was unfair of the defendants to use her deposition in support of their summary judgment motion because she was not afforded opportunity to make amendments to the deposition. As discussed in the District Court's May 5, 2008 order denying Ford's motion to reassign the case, the record belies Ford's assertions. It appears that the defendants duly complied with Ford's discovery requests, and that Ford was indeed served with a copy of her deposition testimony and provided the opportunity to make corrections within the time allotted by Rule 30(e) of the Federal Rules of Civil Procedure. Ford's objections to the perceived "disturbing, unethical and illegal" behavior by defense counsel appear to have no basis.

We will affirm the District Court's judgment. We grant the appellees' motion for leave to file a supplemental appendix and to file the supplemental appendix under seal.